# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

RONALD A. TOM,

       **Plaintiff,**

                                      **Civil Action 2:17-cv-858**
                                      **Judge George C. Smith**
     **v.**                                  **Magistrate Judge Chelsey M. Vascura**

COMMISSIONER OF SOCIAL SECURITY,

       **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Ronald A. Tom ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability, social security disability insurance benefits, and supplemental security income.   This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Response in Opposition (ECF No. 12), Plaintiff's Reply (ECF No. 15), and the administrative record (ECF No. 6).   For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

## I.      BACKGROUND

Plaintiff protectively filed his application for a period of disability and disability insurance benefits on March 29, 2012, and his application for supplemental security income benefits on June 4, 2012.   In his applications, Plaintiff alleged a disability onset of December

20, 2011.   Plaintiff's applications were denied initially on July 5, 2012, and upon reconsideration on October 18, 2012.   Plaintiff sought a hearing before an administrative law judge.   Administrative Law Judge Edmund E. Giorgione held a hearing on January 17, 2014, at which Plaintiff, represented by counsel, appeared and testified.   On February 25, 2014, Administrative Law Judge Giorgione issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.   On May 19, 2015, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.   Plaintiff then timely sought review by this Court.   On January 25, 2016, this Court remanded this action pursuant to Sentence Six of Section 205 of the Social Security Act, 42 U.S.C. § 405(g).

On July 28, 2016, Administrative Law Judge Timothy Gates (the "ALJ") held a second hearing, at which Plaintiff, represented by counsel, appeared and testified.   Lynne M. Kaufman, a vocational expert ("VE"), also appeared and testified at the hearing.   On August 26, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.   On August 1, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.   Plaintiff then timely commenced the instant action.

In his Statement of Errors, Plaintiff advances two contentions of error.   First, Plaintiff contends that the mental RFC is not supported by substantial evidence because the ALJ failed, without explanation, to incorporate the limitations opined by consultative examiner Dr. Miller to whose opinion he assigned significant weight.   Specifically, Plaintiff submits that the ALJ failed to account for Dr. Miller's opinion that Plaintiff's attention span and concentration are

impaired.   In Plaintiff's view, a limitation to simple, routine tasks does not adequately reflect his limitations in concentration, persistence, and pace.   Second, Plaintiff contends that the ALJ erred in his consideration and weighing of the medical source opinions from Plaintiff's treating physicians, Drs. Storrs and Nguyen.   Specifically, Plaintiff asserts that the ALJ (1) failed to give good reasons for not assigning controlling weight to the opinions from Drs. Storrs and Nguyen and (2) failed to comply with the mandate from the Appeals Council on remand in evaluating the medical source opinions in the record.

## II.      RELEVANT MEDICAL RECORDS

### A.      Jeff M. Storrs, M.D.

On January 28, 2013, Dr. Jeff M. Storrs, M.D., completed a medical opinion form in which he opined that Plaintiff was significantly limited by his physical and mental impairments as a result of suffering from "extreme" pain.   (R. at 345-46.)   With regard to physical limitations, Dr. Storrs opined that Plaintiff cannot work for any amount of time; can stand for fifteen minutes at one time, but not at all during the workday; can sit for thirty minutes at one time, but not at all during the workday; can lift up to five pounds occasionally; can occasionally bend, but never stoop or balance; can occasionally perform fine manipulation with both hands, but can never perform gross manipulation with either hand; can occasionally raise his left arm over shoulder level, but never his right arm; can never work around dangerous equipment; can occasionally operate a motor vehicle; can frequently tolerate exposure to heat, cold, and dust, smoke, or fumes; can occasionally tolerate exposure to noise; has limited close vision and hearing; and would need his legs elevated "most of [the] time" during an eight-hour workday." (R. at 345.)   With regard to mental limitations, Dr. Storrs opined that Plaintiff has loss of

interest in almost all activities; appetite disturbance; sleep disturbance; psychomotor agitation or retardation; decreased energy; feelings of guilt or worthlessness; and difficulty concentrating or thinking. (R. at 346.) Dr. Storrs also opined that Plaintiff has marked restriction in activities of daily living; marked difficulty in maintaining social functioning; and marked deficiencies in concentration, persistence, or pace. *Id.*

**B.      Kenneth Nguyen, D.O.**

On November 15, 2013, Dr. Kenneth Nguyen, D.O., completed a medical source opinion form in which he opined that Plaintiff is significantly limited by his physical and mental impairments. (R. at 514-515.) With regard to mental limitations, Dr. Nguyen opined that Plaintiff suffers from moderate to severe pain that causes loss of interest in almost all activities; sleep disturbance; decreased energy; difficulty concentrating or thinking; marked restrictions in activities of daily living; marked difficulty in maintaining social functioning; and marked deficiencies in concentration, persistence, and pace. (R. at 514.) With regard to physical limitations, Dr. Nguyen opined that Plaintiff can work for one hour per day; can stand for fifteen minutes at one time, but never during the workday; can sit for fifteen minutes at one time, but only ten minutes during the workday; can occasionally lift up to five pounds; can occasionally bend, but never stoop or balance; can occasionally perform fine and gross manipulation with both hands; can occasionally raise his arms over shoulder level; can never work around dangerous equipment or operate a motor vehicle; can occasionally tolerate exposure to heat and cold, but never to dust, smoke, or fumes; can occasionally tolerate exposure to noise; and would frequently need to elevate his legs during an eight-hour workday. (R. at 515.)

On February 3, 2014, at the request of Plaintiff's counsel, Dr. Nguyen completed a

follow-up medical source opinion form clarifying his November 2013 opinion as it related to Plaintiff's ability to sit, stand, and walk.   (R. at 522-23.)   In his February 2014 opinion, Dr. Nguyen opined that Plaintiff can sit for fifteen minutes at one time, but only ten minutes during an eight-hour work day; can stand for fifteen minutes at one time, but never during an eight-hour workday; and can walk for ten minutes at one time and for ten minutes during an eight-hour workday.   (R. at 522.)

On July 8, 2014, Dr. Nguyen provided an opinion letter, stating as follows:

I am treating Ronald Tom at the OSU Comprehensive Spine Center.   He had a recent MRI which shows degenerative disc disease at L5-S1 and facet arthropathy. He is undergoing active treatment for this medical issue including physical therapy, medication management, and spinal injections for this condition.   It is medical[ly] necessary that he continue to receive medical treatment for this condition as further delay in his treatment can result in continued debility.   He is not able to work yet due to his condition but his prognosis for recovery is fair to good.

(R. at 1486.)

## C.   Marc E.W. Miller, Ph.D.

On July 3, 2012, consultative examiner Dr. Marc E.W. Miller, Ph.D., performed a psychological evaluation of Plaintiff.   (R. at 315-19.)   In relevant part, Dr. Miller opined that Plaintiff has "no significant difficulty" understanding, remembering, and carrying out one and two step job instructions.   (R. at 318.)   Dr. Miller also opined that Plaintiff's "abilities and limitations in regard to maintaining attention span and concentration indicate impairment." (*Id.*)

## III.   THE ADMINISTRATIVE DECISION

On August 26, 2016, the ALJ issued his decision.   (R. at 631-46.)   The AJL first found that Plaintiff meets the insured status requirements through December 31, 2016.   (R. at 634.)

At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 20, 2011, the alleged onset date.  (*Id.*)   The ALJ found that Plaintiff had the severe impairments of lumbar degenerative disc disease, lumbar spondylosis, obesity, major depressive disorder, borderline personality disorder, and attention deficit hyperactivity disorder.  (*Id.*)   He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.   (R. at 635.)   At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally reach overhead bilaterally, frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds, frequently balance, kneel, stoop, and crouch, occasionally crawl, and

---

1.   Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.   *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1.   Is the claimant engaged in substantial gainful activity?

2.   Does the claimant suffer from one or more severe impairments?

3.   Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4.   Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5.   Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); see also *Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

have only frequent exposure to workplace hazards such as unprotected heights and moving mechanical parts. In addition, the claimant is limited to performing simple routines tasks with occasional interaction with supervisors, coworkers and the general public and can work in a static work environment where changes are infrequent and explained in advance.

(R. at 637.)

In calculating Plaintiff's RFC, the ALJ considered the opinions provided by consultative examiner Dr. Miller and Plaintiff's treating physicians, Drs. Storrs and Nguyen. The ALJ assigned "significant weight" to Dr. Miller's opinion, explaining that it was consistent with the record as a whole. (R. at 641.) The ALJ assigned "little weight" to the opinions from Drs. Storrs and Nguyen, explaining that the opined limitations are neither internally consistent nor consistent with the record as a whole. (R. at 641-42.) Additionally, the ALJ found that Dr. Nguyen's July 2014 opinion that Plaintiff could not work reached an issue reserved for the Commissioner. (R. at 642.)

Relying on the VE's testimony, the ALJ found that even though Plaintiff is unable to perform his past work, he can perform jobs that exist in significant numbers in the national economy. (R. at 644-45.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 645.)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by

substantial evidence, shall be conclusive . . . .").   Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.   The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.   *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).   Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V.   ANALYSIS

As set forth above, Plaintiff maintains that the ALJ erred in his consideration of the medical opinion evidence in the record because he (1) improperly omitted from the RFC a credited limitation related to attention span and concentration and (2) failed to provide good

reasons for discrediting the opinion of treating physicians Drs. Storrs and Nguyen.   The

undersigned finds these contentions of error unavailing.

As a threshold matter, Plaintiff's assertion within his second contention of error that

reversal is required because the ALJ failed to comply with the mandate of the Appeals Council

on remand lacks merit.   As this Court has previously explained:

> When the Appeals Council denies a claimant's request for review, the decision of the administrative law judge becomes the final decision of the Commissioner.   *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citing 20 C.F.R. § 404.955).   The Court's review of the final decision of the Commissioner is confined to a review of the administrative law judge's decision and the evidence presented to the administrative law judge.   *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (citing *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992)).   "Whether an ALJ complies with an Appeals Council order of remand is an internal agency matter which arises prior to the issuance of the agency's final decision."   [*Brown v. Comm'r of Soc. Sec.*, No. 1:08–CV–183, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009)].

> . . . This Court has no authority to review the decision of the Appeals Council.   *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).   Moreover, "Section 405(g) does not provide this court with authority to review intermediate agency decisions that occur during the administrative review process."   *Brown*, 2009 WL 465708 at *6.   The Undersigned concludes, therefore, that this Court lacks jurisdiction to consider whether the ALJ properly complied with the Appeals Council's instructions on remand.

*Llaneza v. Comm'r of Soc. Sec.*, No. 2:15-cv-2437, 2016 WL 4054918, at *13 (S.D. Ohio Jul 29,

2016) (Preston Deavers, Mag. J.), *R&R adopted*, 2016 WL 4398673 (S.D. Ohio Aug. 18, 2016).

Moreover, here, as in *Llaneza*, the Appeals Council had an opportunity to review the ALJ's

decision for compliance with its directives upon Plaintiff's appeal.   The Appeals Council,

however, declined to remand the matter a second time.   The undersigned's review is therefore

confined to the final decision of the Commissioner.

**A.      Omission of Opined Limitation on Attention Span and Concentration**

Plaintiff first contends that, without explanation, the ALJ omitted a limitation related to attention span and concentration as opined by Dr. Miller, to whom the ALJ assigned significant weight, thereby depriving the RFC of support by substantial evidence.   Within this contention of error, Plaintiff relies upon *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), to argue that the ALJ's RFC failed to account for the opined impairment in concentration, persistence, or pace that the ALJ found credible in Dr. Miller's opinion.   Plaintiff contends that *Ealy* stands for the proposition that limiting a claimant to simple, routine tasks does not properly account for a claimant's moderate limitations in concentration, persistence, or pace.   (Pl.'s Statement of Errors 8, ECF No. 9.)   The undersigned finds this contention of error to be without merit.

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments."   *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a).   The determination of RFC is an issue reserved to the Commissioner.   20 C.F.R. §§ 404.1527(e), 416.927(e).

Here, the undersigned finds that substantial evidence demonstrates that the ALJ's RFC adequately accounted for all of the limitations he found credible.   The ALJ concluded that Plaintiff had the following mental RFC: "[T]he claimant is limited to performing simple routine tasks with occasional interaction with supervisors, coworkers and the general public and can work in a static work environment defined as an environment where changes are infrequent and explained in advance."   (R. at 637.)   Contrary to Plaintiff's assertion, the ALJ's decision does not reflect that the ALJ credited evidence that would support a finding that Plaintiff had pace limitations on his ability to perform unskilled, simple, and repetitive tasks.   Significantly, the

ALJ's RFC essentially adopted the functional limitations opined by Dr. Miller, to whom the ALJ accorded significant weight.  (R. at 637.)  Dr. Miller opined that "[Plaintiff's] abilities and limitations in regard to maintaining attention span and concentration indicate impairment," but also that Plaintiff's "abilities and limitations in regard to understanding, remembering, and carrying out one and two step job instructions indicate no difficulty."  (R. at 318.)  Notably, Dr. Miller did not opine that Plaintiff's impairments with attention span and concentrations had any effect on his ability to perform simple, routine tasks.    In light of the foregoing, the undersigned concludes that the limitations the ALJ incorporated into the RFC adequately addressed the moderate limitations in concentration, persistence, or pace that he and Dr. Miller found.

*Ealy*, the case upon which Plaintiff relies, is distinguishable.   On this point, *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426 (6th Cir. 2014), is instructive.   The *Smith-Johnson* Court analyzed the very same argument Plaintiff advances here as follows:

> Smith–Johnson's first challenge concerns her concentration, persistence, or pace.   She relies on *Ealy*, 594 F.3d 504, to support her argument that more specific limitations should have been included in the hypothetical to the VE.   Yet, *Ealy* is distinguishable from this case.   In *Ealy*, the claimant's doctor limited him to "simple, repetitive tasks [for] [two-hour] segments over an eight-hour day where speed was not critical."   *Ealy*, 594 F.3d at 516.   In that RFC assessment, however, the ALJ included only a limitation to "simple repetitive tasks and instructions in nonpublic work settings."   *Id*.  That RFC finding was included in the hypothetical to the VE.   *Id.* This court held that the RFC assessment and the hypothetical did not adequately reflect the claimant's limitations because it truncated the doctor's specific restrictions.   *Id*.

> Here, the limitation to simple, routine, and repetitive tasks adequately conveys Smith–Johnson's moderately-limited ability "to maintain attention and concentration for extended periods."   Unlike in *Ealy*, Dr. Kriauciunas did not place any concrete functional limitations on her abilities to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks. Instead, Dr. Kriauciunas plainly determined that Smith–Johnson could perform

simple tasks on a "sustained basis," even considering her moderate limitations in maintaining concentration and persistence for "extended periods." In other words, the limitation to simple tasks portrays the tasks that she can perform without being affected by her moderate limitations. The ALJ thus did not fail to include a restriction on her ability to maintain concentration, persistence, or pace while performing simple tasks, and he further reduced the required attention and concentration by restricting her to routine and repetitive tasks.

579 F. App'x at 436–37. Here, Dr. Miller, like Dr. Kriauciumas in *Smith-Johnson*, did not place functional limitations on Plaintiff's ability to maintain pace when performing simple, repetitive, or routine tasks. Given that the ALJ did not find that Plaintiff had non-exertional limitations greater than those set forth by Dr. Miller, *Ealy* does not undermine the undersigned's conclusion that substantial evidence supports the ALJ's RFC determination. Accordingly, Plaintiff's first contention of error lacks merit. It is therefore **RECOMMENDED** that Plaintiff's first contention of error be **OVERRULED**.

### B.    Consideration and Weighing of Medical Source Opinions

Plaintiff next argues that the ALJ erred in discrediting the opinions from his treating physicians, Drs. Storrs and Nguyen. The undersigned disagrees.

The ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case. 20 C.F.R. § 416.927(c). The applicable regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis." 20 C.F.R. § 416.927(a)(1).

The ALJ generally gives deference to the opinions of a treating source "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical

evidence that cannot be obtained from the objective medical filings alone . . ." 20 C.F.R. § 416.927(c)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009). If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

If the ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must meet certain procedural requirements. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Specifically, if an ALJ does not give a treating source's opinion controlling weight:

> [A]n ALJ must apply certain factors-namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion.

*Id*. Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] your treating source's opinion." 20 C.F.R. § 416.927(c)(2). Accordingly, the ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (internal quotation omitted). The United States Court of Appeals for the Sixth Circuit has stressed the importance of the good-reason requirement:

> "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating

physician rule and permits meaningful review of the ALJ's application of the rule. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

*Wilson*, 378 F.3d at 544–45. Thus, the reason-giving requirement is "particularly important when the treating physician has diagnosed the claimant as disabled." *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 Fed. App'x 771, 777 (6th Cir. 2008) (citing *Rogers*, 486 F.3d at 242). There is no requirement, however, that the ALJ "expressly" consider each of the *Wilson* factors within the written decision. *See Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) (indicating that, under *Blakley* and the good reason rule, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(c)(2) for weighing medical opinion evidence within the written decision).

Finally, the Commissioner reserves the power to decide certain issues, such as a claimant's residual functional capacity. 20 C.F.R. § 404.1527(d). Although the ALJ will consider opinions of treating physicians "on the nature and severity of your impairment(s)," opinions on issues reserved to the Commissioner are generally not entitled to special significance. 20 C.F.R. § 404.1527(d); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

As discussed above, the ALJ assigned "little weight" to the opinions of Plaintiff's treating physicians, Drs. Storrs and Nguyen. Although Plaintiff maintains that the ALJ failed to give good reasons for the weights assigned, the ALJ provided the following lengthy discussion of how he arrived at his determination:

> Dr. Storrs completed a form on January 28, 2013 in which he noted that the claimant suffered from "extreme" pain and had resulting limitations including the inability to lift 5 pounds at the most and sit for no more than 30 minutes at one time. Dr. Storrs is a treating physician but the record does not show many treatment notes from this physician. However, even as a treating physician, his opinion has been given little weight for several reasons. First, his opinion is internally inconsistent. For instance, Dr. Storrs opined that the claimant can stand for 15 minutes at a time

and sit for 30 minutes at a time, but yet opined that the claimant cannot stand or sit at all in a workday. Next, Dr. Storrs' opinions are also inconsistent with the evidence as a whole. He opined that the claimant had "extreme" pain, yet in the record the claimant described his pain as "soreness" and like a "headache." Dr. Storrs opined that the claimant needed to elevate his legs during the workday, but failed to provide any reason for this restriction and the record does not show that the claimant had any edema. In fact, as noted above, the record most often showed generally mild findings on examination with improvement with treatment. Last, Dr. Storrs opined that the claimant had marked mental restrictions yet Dr. Storrs is not a mental health specialist and his opinions are not consistent with the evidence. Dr. Miller, the examining psychologist, did not find marked limitations and his opinion is given more weight as he is a specialist and it is consistent with the evidence. As noted above, the claimant had normal findings on most mental health evaluations and reported improvement with treatment.

Dr. Nguyen completed a functional capacity form on November 15, 2013 and set forth significant restrictions for the claimant. Dr. Nguyen's opinions are given little weight for the following reasons. First, while Dr. Nguyen is a treating physician, his opinion is internally inconsistent and inconsistent with his treatment notes. Dr. Nguyen opined that the claimant could sit for 15 minutes at one time but only sit for 10 minutes in a workday. He also stated that the claimant could [stand] for one hour a day but not stand at all in a workday. These extreme limitations are also not consistent with his treatment notes that show that he often assessed mostly normal findings with noted mild to moderate pain. Dr. Nguyen also opined that the claimant's limitations existed in May 2011 but this is not consistent with the evidence that he was working through 2011. Next, Dr. Nguyen's opinions are not consistent with the evidence as a whole, which shows that the claimant was able to perform a wide range of activities and had generally conservative treatment. Finally, while Dr. Nguyen set forth mental restrictions, he is not a mental health specialist and treated the claimant primarily for his complaints of pain not complaints of mental health impairments.

Dr. Nguyen completed another form on February 3, 2014, and this has also been given little weight. Dr. Nguyen's opinions are inconsistent with his treatment notes and internally inconsistent. For instance, Dr. Nguyen found that the claimant could sit and stand for 15 minutes at a time but could only sit 10 minutes total in a workday and could not stand at all in a workday. This form was to clarify his prior opinion, but again he provided inconsistencies. Nevertheless, both opinions whether 15 minutes or 10 minutes of sitting or standing are simply inconsistent with the evidence as a whole which, as discussed above, shows primarily mild to moderate pain and findings.

In addition to the above, on July 8, 2014, Dr. Nguyen wrote a letter and stated, among other things, that the claimant was "not able to work yet due to his

condition."  This opinion is given little weight as an opinion as to whether the claimant is disabled is reserved for the Commissioner.  Further, this opinion is inconsistent with the evidence as a whole.

(R. at 641-42 (citations to exhibits omitted).)

The undersigned finds no error with the ALJ's consideration and weighing of the opinions from Drs. Storrs and Nguyen.  The ALJ articulated the weight he afforded the opinions and properly declined to afford them controlling weight on the grounds they were internally inconsistent and inconsistent with other substantial evidence in the record.  *See* 20 C.F.R. § 404.1527(c)(2) (identifying "supportability" and "consistency" with the record as a whole as relevant considerations); *Blakely*, 581 F.3d at 406 (quoting SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996)) ("'[I]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if . . . it is inconsistent with the other substantial evidence in the case record.'").

As the ALJ noted, the opinions from Drs. Storrs and Nguyen largely suffer from the same deficiencies.  Specifically, as the ALJ found, their opinions are internally inconsistent and inconsistent with the record as a whole, and, although neither physician specializes in mental health, they offered extreme limitations related to Plaintiff's mental impairments.  Significantly, consistency, both internal and with the record, as well as specialization, are relevant considerations when evaluating a treating physician's opinion.  *See* 20 C.F.R. § 404.1527(c)(2), (4)-(5) (identifying consistency with the record and the source's specialization as relevant considerations).  Here, the record supports the ALJ's findings.

First, the ALJ reasonably discredited Drs. Storrs' and Nguyen's opinions due to internal inconsistencies.  Internal inconsistencies constitute good reason for discrediting a treating

source's opinion.  *See Ledford v. Astrue*, 311 F. App'x 746, 754 (6th Cir. 2008) (identifying

internal inconsistencies as a proper basis for discrediting medical opinions).    The record

supports the ALJ's findings.    Specifically, as the ALJ noted, Dr. Storrs opined that Plaintiff can

stand for fifteen minutes at one time and sit for thirty minutes at one time.    Dr. Storrs also

opined, however, that Plaintiff can not stand or sit for *any* period of time during a workday.    It is

unclear on what Dr. Storrs based these limits, but it is clear that the limitations are inconsistent

with one another.    Moreover, there is no apparent explanation for the inconsistencies in the

record.    Dr. Nguyen's opinions suffered from this same inconsistency.    Specifically, in his

November 2013 opinion, Dr. Nguyen opined that Plaintiff could stand for fifteen minutes at one

time, but never during the workday, and could sit for fifteen minutes at one time, but only ten

minutes during the workday.    Such limitations are clearly inconsistent.    Indeed, Plaintiff

appears to have recognized the inconsistencies, as he requested a second opinion from Dr.

Nguyen "[f]or clarification purposes" because "[o]n the previous opinion form, [Dr. Nguyen's]

opinions regarding [Plaintiff's] ability to stand and sit at one time and total in a workday

conflicted."   (R. at 522.)    Regardless, Dr. Nguyen's second opinion suffers from the same

deficiencies as the opined limitations were unchanged.    As with Dr. Storrs, there is no apparent

explanation for the observed inconsistencies.    The undersigned is thus persuaded that the

inconsistencies in Drs. Storrs Nguyen's opinions constitute good reason to discredit them.

    Next, the ALJ reasonably concluded that the doctors' opinions are inconsistent with the

evidence as a whole.    Consistency with the evidence is a relevant consideration when weighing

any medical opinion, including one from a treating physician.    *See* 20 C.F.R. § 404.1527(c)(2),

(4) (providing that more weight will be given to opinions that are consistent with the record as a

whole). Here, the record supports the ALJ's conclusions. With respect to Dr. Storrs' opinion, the ALJ noted that Dr. Storrs opined that Plaintiff was suffering from "extreme" pain and needed to elevate his legs during the workday. As the ALJ observed, however, the record reflects that Plaintiff described his pain as "soreness" and "like a headache" (R. at 612, 618), that he reported "mild to moderate" pain levels (*see, e.g.*, R. at 618; *see also* R. at 612 (reporting pain level of "3-4/10")), and that radio frequency ablation resulted in "at least 70% pain relief" (R. at 612). Treatment notes from Dr. Nguyen also reflect that Plaintiff decreased his opioid use following the radio frequency ablation (R. at 615, 621) and wanted to decrease his Butran patch (R. at 612), further suggesting that Plaintiff was not suffering from "extreme" pain symptoms. (R. at 615, 621.) Moreover, as the ALJ observed, there is no indication in the record that Plaintiff needed to elevate his legs for any period of time during the day. Rather, results of objective examinations revealed largely mild findings with no edema. (*See, e.g.*, R. at 425 (observing no edema); 1102 ("No LE edema.").)

With respect to Dr. Nguyen's opinions, the ALJ concluded that the extreme limitations opined are inconsistent with Plaintiff's activities of daily living and his conservative treatment. These inconsistencies constitute good reason to discredit an opinion from a treating source. *See Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1001 (6th Cir. 2011) (setting forth inconsistency with other record evidence and activities of daily living as "good reasons" for discounting opinion evidence); *Lester v. Soc. Sec. Admin.*, 596 F. App'x 387, 389 (6th Cir. 2015) (concluding that ALJ reasonably discounted a doctor's opined limitations where, among other things, the claimant was receiving conservative treatment). The record supports the ALJ's findings. For example, Plaintiff's reported activities of daily living include: grooming, cooking

18

and cleaning, and driving to the store alone (R. at 257); daily exercise (R. at 257, 321, 339); camping in the woods with friends (R. at 424, 431); and helping his mother with chores (R. at 317-18). Such extensive activities of daily living directly contradict Dr. Nguyen's restrictive opinions. Next, Plaintiff's treatment modalities have largely been conservative, primarily involving pain medication, radio frequency ablation, and physical therapy, and have effectively reduced Plaintiff's pain. (*See, e.g.*, R. at 1026 (observing that Plaintiff's pain is "better with butran, RFA, [and] PT"); R. at 1028 (noting that Plaintiff's pain is "much better on RFA" and that "[h]e has decreased his opioids").) In addition, the ALJ found that Dr. Nguyen's restrictive opinions are inconsistent with his own treatment notes. Indeed, the treatment notes reflect reduction in pain and positive effects of treatment, as well as recommendations that Plaintiff "continu[e] to perform [his] usual activities of daily living" and that he should "avoid prolonged rest as a means for pain control." (*See, e.g.*, R. at 614, 620.)

The ALJ likewise did not err in considering that neither Dr. Storrs nor Dr. Nguyen is a mental health specialist. A medical source's specialization is a relevant consideration under the regulations. *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). In this case, both Drs. Storrs and Nguyen opined that Plaintiff is markedly limited in his mental abilities. However, Dr. Miller, the examining psychologist and mental health specialist upon whose opinion the ALJ relied, did not find such extreme mental limitations. (*See* R. at 315-19.) Moreover, the record reflects primarily positive results of treatment, mild to normal results of psychological examinations, and reports that Plaintiff is "doing well." (*See, e.g.,* R. at 366, 493-95, 900, 911, 914, 918, 933.)

19

Thus, the ALJ ALJ reasonably discredited the more restrictive opinions of Drs. Storrs and Nguyen.

Finally, the ALJ reasonably discredited Dr. Nguyen's July 2014 opinion on the basis that it reached an opinion reserved for the Commissioner. Specifically, Dr. Nguyen opined that Plaintiff was "not [yet] able to work." (R. at 1486.) As set forth above, opinions on issues reserved to the Commissioner are generally not entitled to special significance. 20 C.F.R. § 404.1527(d); *Bass*, 499 F.3d at 511. The undersigned concludes, therefore, that the ALJ did not err in discrediting Dr. Nguyen's opinion that Plaintiff was not able to work.

Based on the foregoing, the undersigned concludes that the ALJ provided good reasons, supported by substantial evidence, for discrediting the opinions of Drs. Storrs and Nguyen and did not violate the treating physician rule or otherwise err in his assessment their opinions. It is therefore **RECOMMENDED** that Plaintiff's second contention of error be **OVERRULED**.

## VI. DISPOSITION

From a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VII. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

20

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


  /s/ *Chelsey M. Vascura*              
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE